**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSEPH M. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-163-JHP-PJC |
| | ) |
| JANE STANDIFIRD, Warden; | ) |
| TERRY JENKS, Exec. Dir.; | ) |
| J. D. DANIELS, Dep. Dir.; | ) |
| J. DOE, Admin. Off.; | ) |
| RICHARD L. DUGGER, Chairman; | ) |
| LYNNELL HARKIN, Vice Chairman; | ) |
| JAMES BROWN, SR.; | ) |
| CLINTON JOHNSON; and | ) |
| SUSAN B. LOVING, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

On March 17, 2011, Plaintiff, a state inmate appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). By Order filed March 24, 2011 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed payment of an initial partial filing fee. The Court also directed Plaintiff to show cause why this action should not be dismissed as time barred by the two-year statute of limitations applicable to his claims. Id. On April 7, 2011, Plaintiff paid the initial partial filing fee as ordered by the Court. On April 14, 2011, he filed his response (Dkt. # 6). On July 27, 2011, he filed a motion for appointment of counsel (Dkt. # 8). For the reasons discussed below, the Court finds Plaintiff's claims are time barred. In the alternative, the complaint fails to state a claim upon which relief may be granted. The complaint shall be dismissed with prejudice. Plaintiff's motion for appoint of counsel shall be declared moot.

***BACKGROUND***

Plaintiff is serving a sentence of life imprisonment, entered December 20, 1983, in Oklahoma County District Court, Case No. CRF-83-3152, on his conviction of Murder in the First Degree. See Dkt. # 1, Ex. E. The record reflects that Plaintiff was first considered for and denied parole in 1999. Id., Ex. H. Since 1999, he has been considered for and denied parole eligibility every three years, or in 2002, 2005, and 2008. Id. He was scheduled to be considered for parole eligibility again in July, 2011. Id. In his complaint, filed March 17, 2011 (Dkt. # 1), Plaintiff identifies two claims as follows:

> Count I: Plaintiff has a protectible [sic] liberty interest in specialized parole or release, in accord with Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1.
>
> Count II: Statutory amendment (57 O.S. § 332.7D.1) (1998), increasing length of time between parole consideration hearings is unconstitutional ex post facto law. Art. I, §§ 9, cl. 3, 10, cl. 1.

(Dkt. # 1). In his request for relief, Plaintiff asks for "[a] determination of my status with respect to parole; prospective relief to stop unconstitutional practices by Oklahoma." Id.

## *ANALYSIS*

### A. Dismissal standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2); see also § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.  Complaint is time barred**

No statute of limitations is expressly provided for claims under 42 U.S.C. § 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit

Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir.1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675 (quoting Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir.1988));  see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991). Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

After screening the complaint, 28 U.S.C. § 1915A, the Court previously determined, see Dkt. # 3, that the record reflected Plaintiff's actual knowledge of his claims in May 2006, when he wrote a lengthy letter setting out the facts giving rise to his claims to the Administrative Office of the Pardon and Parole Board. Thus, the Court found that it appeared from the face of Plaintiff's complaint that this complaint, filed March 17, 2011, is barred by the two-year statute of limitations. Id. The Court directed Plaintiff to show cause why his complaint was not barred by the statute of limitations.

In response to the Court's Order, Plaintiff first argues that "[t]he continuing violations of a plaintiff's civil rights, although they may have begun at a point in time beyond the reach of the normal limitation period, may extend into the relevant period and therefore, may give rise to potential liability." (Dkt. # 6). Plaintiff goes on to argue that "this matter was brought on March 17, 2011, within two years of the deprivation of the July 2009, and July 2010 parole reconsideration

hearings" rendering his complaint timely. The Court rejects Plaintiff's "ongoing violation" argument. "[S]uccessive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations." See Brown v. Georgia Bd. Of Pardons & Paroles, 335 F.3d 1259, 1262 (11th Cir. 2003); see also Smith v. Grubbs 42 Fed. Appx. 370 (10th Cir. July 11, 2002) (unpublished)[1] (specifically rejecting habeas petitioner's claim that his rights were violated each successive time the state denied him parole, requiring recalculation of the one-year period under 28 U.S.C. § 2244(d)(1)(D), from the date of each denial). In addition, a civil rights action accrues when the facts are apparent, not upon discovery of the legal basis for suit. See Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995). The record reflects that Plaintiff was first considered for and denied parole eligibility in 1999, and, thereafter, in 2002, 2005, and 2008. He was again scheduled to be considered for parole eligibility last month, July 2011. Thus, Plaintiff's claims accrued in 1999 when facts that would support a cause of action were or should have been apparent. Because successive denials of parole do not give rise to new claims for purposes of the statute of limitations, the fact that Plaintiff has been repeatedly denied consideration for parole eligibility does not serve to make this complaint timely.

Next, Plaintiff argues that the statute of limitations was tolled while he exhausted available administrative and judicial remedies. The Supreme Court has held that the Prison Litigation Reform Act's exhaustion requirement, 42 U.S.C. § 1997e(a), "applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). However,

---

[1] Citations to unpublished opinions in this Opinion and Order are for persuasive value. See 10th Cir. R. 32.1(A).

Plaintiff in this case has not provided information sufficient to demonstrate the length of time spent exhausting administrative and judicial remedies. He describes a petition for writ of mandamus, filed in Oklahoma County District Court, and states that "the proceeding in state court was final on February 25, 2011." See Dkt. # 6. Therefore, he concludes that this action, commenced March 17, 2011, is timely. Id.  In support of his claim, Plaintiff cites to Exhibit I, attached to his complaint (Dkt. # 1).  While Exhibit I reflects that on February 25, 2011, the Oklahoma Supreme Court denied a petition for certiorari filed by Plaintiff, the record does not reflect when the state district court action was filed. The Court is unable, based on the record provided by Plaintiff, to determine when Plaintiff began exhausting administrative and judicial remedies for the claims raised in the complaint.

It is clear, however, that Plaintiff's claims accrued and the limitations period began to run when Plaintiff either knew or should have been aware of the facts supporting his due process and ex post facto claims, that is by 1999, when according to his own statements, his parole reconsideration had been set off for three years, or at the latest in 2000, when he was not granted an annual hearing. Nothing in the record provided by Plaintiff suggests that he took action to exhaust administrative or judicial remedies prior to 2006, when he wrote a letter to the Pardon and Parole Board.  Therefore, the two year limitation period governing Plaintiff's § 1983 action against Defendants expired well before Plaintiff filed this action in 2011, and Plaintiff has not demonstrated any reason for extending the limitations period applicable to his civil rights action. The complaint shall be dismissed with prejudice as untimely. See Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001) (because no amendment would cure the defect, the district court properly dismissed the complaint with prejudice).

**C. Complaint fails to state a claim upon which relief may be granted**

Plaintiff alleges violations of his constitutional rights arising from statutory changes which reduced his parole consideration from every year to every three years. In <u>Traylor v. Jenks</u>, 223 Fed. Appx. 789 (10th Cir. March 29, 2007) (unpublished), the Tenth Circuit affirmed the district court's dismissal of claims almost identical to those raised by Plaintiff in this case. As in this case, the district court in <u>Traylor</u> had determined that the plaintiff's civil rights claims were time barred. <u>See id.</u> The district court went further and entered an alternative holding that even if the complaint were not time barred, the claims failed to state a claim upon which relief may be granted. The Tenth Circuit agreed with the district court's dismissal of the claims as frivolous. <u>Id.</u>

As in <u>Traylor</u>, the Court finds that even if Plaintiff's complaint is not time barred, it fails to state a claim upon which relief may be granted. First, contrary to Plaintiff's first claim for relief, it is well established that an inmate simply does not have a constitutionally protected interest in parole or early release. <u>Greenholtz v. Inmates of Nebraska Penal and Corr. Complex</u>, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Furthermore, the Oklahoma statute providing for specialized parole, Okla. Stat. tit. 57, § 365, imposes no mandatory requirements on the Pardon and Parole Board. That statute provides that prisoners sentenced prior to July 1, 1998, who meet the specified requirements "*may* be considered by the Pardon and Parole Board for a specialized parole . . . ." <u>See</u> Okla. Stat. tit. 57, § 365(A) (emphasis added); <u>see also</u> Dkt. # 1, Ex. H (ruling by Oklahoma Court of Civil Appeals, Case No. 107,858 (citing <u>Hess v. Excise Bd. McCurtain County</u>, 698 P.2d 930, 932-33 (Okla. 1985) ("Extant case law often held that 'may' usually denotes

'permissive or discretional, and not mandatory, action or conduct,' while 'shall' is usually given its common meaning of 'must,' implying a command or mandate." (citations omitted)).

Next, Plaintiff's ex post facto claim fails because he cannot demonstrate that application of the statutory amendment created a significant risk of increasing his punishment. See Garner v. Jones, 529 U.S. 244, 255 (2000) ("When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive applications will result in a longer period of incarceration than under the earlier rule."); see also California Dep't of Corr. v. Morales, 514 U.S. 499, 507 n.3 (1995) ("[T]he focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of disadvantage, nor . . . , on whether an amendment affects a prisoner's opportunity to take advantage of provisions for early release, but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." (quotations and citations omitted)). In this case, amendment to Okla. Stat. tit. 57, § 365, did not alter the definition of criminal conduct nor did it increase the penalty by a crime was punishable. Therefore, there was no *ex post facto* violation.

## D. Dismissal counts as a "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**E. Ongoing obligation to pay filing fee**

Plaintiff is reminded that he remains obligated to pay the balance owed on the $350 filing fee. To date, the Clerk of Court has received partial fee payments totaling $12.78. See Dkt. #s 5 and 7. Thus, the balance owed on the $350 filing fee is $337.22.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's complaint (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations. In the alternative, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.
2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).
3. Plaintiff remains obligated to pay the balance owed on the $350 filing fee.
4. Plaintiff's motion for appointment of counsel (Dkt. # 8) is **declared moot**.

DATED THIS 9th day of September 2011.

James H. Payne
United States District Judge
Northern District of Oklahoma